■ In the Matter of SUBURBAN RESTORATION Co., INC., Appellant, v CITY OF NEW YORK et al., Respondents. [737 NYS2d 37] —Judgment, Supreme Court, New York County (Carol Huff, J.), entered May 16, 2000, which denied petitioner contractor's application to annul the determination of respondent New York City Contract Dispute Resolution Board (CDRB) denying petitioner's claims for unit price adjustments to a requirements contract with respondent New York City Department of Housing Preservation and Development (HPD) for the removal of asbestos materials and wall flashing tar from the rooftops of buildings owned by HPD, and dismissed the petition, unanimously affirmed, without costs.

The subject contract provided that "[b]idders must carefully view and examine the site of the proposed work, as well as the adjacent area, and seek other usual sources of information for they will be conclusively presumed to have full knowledge of any and all conditions on, about or above the site relating to or affecting in any way the performance of the work to be done under this contract which were or should have been indicated to a reasonably prudent bidder." Nevertheless, petitioner and the other prospective bidders were unable to inspect the work sites because they had not yet been identified by HPD, and hence the award of a requirements, as opposed to a multisite, contract. The contract further provided that judicial review "shall be limited to the question of whether or not [CDRB's] decision was obtained or affected by fraud, bad faith or palpable error." Petitioner does not claim fraud or bad faith. Since the contract makes no warranties as to the condition of the buildings, and since HPD's mandate is to rehabilitate older buildings, we cannot say that it was palpable error for CDRB to find that a reasonable prudent bidder should have anticipated the possibility that the buildings to be covered under the contract might not be "in conformance with industry standards" for newer construction, and "the wide range of conditions typically encountered" in older housing stock, including the multiple roofing layers and the flashing of cement to parapet walls for which petitioner seeks price adjustments. We would reach the same result even if we were to apply a typical CPLR article 78 standard of review, as petitioner urges. CDRB's implicit finding that nothing in the bid schedules should have caused a reasonable bidder to exclude the nonstandard conditions that petitioner encountered is not shown to be arbitrary and capricious. Petitioner's underestimation of the cost of the project was a calculated risk that it chose to take when it bid on a project sight unseen on the basis of specifications that were devoid of any description of the condition of the materials

to be removed. Concur—Nardelli, J.P., Andrias, Saxe, Ellerin and Marlow, JJ.